UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DANIEL HAWKINS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13-CV-2506-JMB |
| | ) |
| JANET SCHNEIDER,[1] | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

John Daniel Hawkins, Jr. (hereinafter "Hawkins") brings this *pro se* action, seeking a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). The Court concludes that the matter may be resolved on the existing record. The Court further concludes that the Petition should be dismissed, without a hearing, and that no certificate of appealability should be issued.

## INTRODUCTION AND PROCEDURAL HISTORY

### I. Factual & Procedural Background

#### A. Related Convictions, Trial, and Sentence

Hawkins' circumstances are, in some senses, procedurally unique and require a fair amount of explanation to understand the context of Hawkins' petition. As explained below, Hawkins is not currently in custody relative to the charges at issue in the instant petition for

---

[1] Although Hawkins' petition originally named Douglas Prudden as the respondent, it appears that Hawkins was "conditionally released / paroled" to the St. Louis Community Release Center ("SLCRC") in January 2016. Janet Schneider is the Superintendent of the SLCRC and should be substituted as the respondent. See Rule 2(a), Rules Governing Section 2254 Cases.

habeas relief. Rather, Hawkins' current incarceration is the result of the revocation of his probation, and the execution of his sentences in two other felony cases.

Hawkins' current circumstances result from interplay of three different felony convictions in the City of St. Louis. As a result, Hawkins has filed three separate petitions under § 2254. The present Memorandum and Order focuses on only one of Hawkins' petitions. The undersigned believes, however, it would be useful to briefly discuss the circumstances associated with each of Hawkins' three convictions. Table I broadly summarizes the procedural background of Hawkins' three federal habeas petitions.

| TABLE I | | | |
|---|---|---|---|
| **Charge** | **State Cause No.** | **Disposition** | **E.D. Missouri Cause No.** |
| Drug Offenses | 0722-CR02300<br><br>Plea & Sentence together with 0722-CR07453 | Probation Revoked and 12-year sentence ordered executed on 4/30/2010<br><br>**Status: Currently In Custody** | 4:13 CV 313 JMB |
| Burglary / Stealing | 0722-CR07453<br><br>Plea & Sentence together with 0722-CR02300 | Probation Revoked and 12-year sentence ordered executed on 4/30/2010<br><br>**Status: Currently In Custody** | 4:13 CV 2325 JAR |
| Property Damage | 0922-CR00705 | Conviction after jury trial<br>Sentenced to time served on 5/14/10<br><br>**Status: Not In Custody** | 4:13 CV 2506 JMB |

In 2007, Hawkins was charged with felony and misdemeanor drug offenses for crack cocaine and marijuana possession. (Cause number 0722-CR02300) That same year, Hawkins was also charged with burglary and stealing over $500. (Cause number 0722-CR07453) On June 2, 2008, Hawkins pleaded guilty to those charges before the same Circuit Judge. On August 22, 2008, that Circuit Judge sentenced Hawkins on the drug and burglary convictions. The judge found that, based on his prior convictions, Hawkins qualified as a prior and persistent offender under Missouri law. The State recommended a sentence of ten years of imprisonment,

while Hawkins requested a period of probation. The court sentenced Hawkins to a term of twelve years of imprisonment, but suspended the execution of that sentence and ordered Hawkins to serve five years of supervised probation on the felony convictions, and two years of unsupervised probation on the misdemeanor marijuana conviction. Hawkins did not appeal his sentence in these matters.

On February 12, 2009, less than one year after he was placed on probation, Hawkins was charged with first-degree property damage in City of St. Louis Cause No. 0922-CR00705, which is the underlying case at issue in the instant habeas petition. Hawkins' case was continued several times for various reasons. Hawkins' trial commenced on February 8, 2010, but resulted in a mistrial. The case was re-tried in early April 2010, resulting in a guilty verdict.

On April 23, 2010, as a result of his property damage conviction, Hawkins' probation in the 2008 drug and burglary convictions was revoked. On April 30, 2010, the revocation court ordered that Hawkins' twelve-year sentence be executed in City of St. Louis Cause Numbers 0722-CR02300 (drug offenses) and 0722-CR07453 (burglary offense), with credit for time served while Hawkins awaited disposition in the property damage case.

On May 14, 2010, the trial court in the property damage case (City of St. Louis Cause No. 0922-0705) sentenced Hawkins. The State requested that Hawkins be sentenced to a term of seven years of imprisonment. (Resp. Ex. A at 290) Hawkins argued for a sentence of one year at a medium security institution. (Id. at 290-91) The trial court sided with Hawkins and sentenced him to one year in a medium security institution. (Id. at 291) The trial court expressly stated that Hawkins was to be given credit for time already served in the matter, which was

"more than one year." (Id.) The trial court then twice explained that Hawkins' sentence in the property damages was "completed." (Id. at 291-92)[2]

After announcing Hawkins' sentence, the trial court advised Hawkins of his appeal rights. (Id. at 292-93) Both Hawkins and his attorney advised the trial court that he did not intend to appeal his conviction and sentence in the property damage case. (Id.) The trial court further explained that, because of the nature of the sentence imposed, it did not need to advise Hawkins of his post-conviction rights pursuant to Rule 29.15. (Id. at 294)

### B. Direct Appeal – Property Damage Conviction

Despite his representation at sentencing, Hawkins appealed his property damage conviction, raising two points of error. First, Hawkins claimed the trial court erred in overruling his motion to suppress identifications of him by two police officers. The gist of Hawkins' argument was not that the police officers misidentified him in a line-up or another identification procedure. Rather, Hawkins asserts that the officers detained him unlawfully, simply because he happened to be in the area where a crime had been reported. According to Hawkins, because the officers did not observe him commit the alleged property damage crime, they could not lawfully arrest or seize him. Thus, the focus of Hawkins' first argument was not identification law, but rather seizure law. (Resp. Exh. E at 2) Second, Hawkins challenged the sufficiency of the State's evidence, claiming the court erred in overruling his motion for judgment notwithstanding the verdict. (Id. at 4)

In an order dated October 25, 2011, the Missouri Court of Appeals rejected both claims of error, in a per curiam opinion, accompanied by a detailed, unpublished supplemental order. (Resp. Exh. E)

---

[2] Because it is important to the disposition of the present habeas corpus petition, the Court notes that the sentence in the property damage case was completely separate from the sentence Hawkins received in the probation revocation hearing. The matters were addressed by different judges at different times.

4

### C. Missouri Rule 29.15 Post-Conviction Motion and Appeal

On January 19, 2012, after his unsuccessful direct appeal, Hawkins filed a *pro se* motion for post-conviction relief, pursuant to Missouri Rule 29.15. (Resp. Exh. G. at 3-8) In his *pro se* motion Hawkins alleged four claims for relief as follows: (1) the conviction was in violation of the Constitution and laws of Missouri, as well as the United States Constitution; (2) the sentencing court lacked jurisdiction to impose sentence; (3) the prosecutor withheld Taser evidence from the defense; and (4) trial counsel was ineffective and abandoned issues which would have resulted in a different outcome for Hawkins. (Id. at 4)

On February 1, 2012, the motion court appointed counsel to represent Hawkins. On May 1, 2012, appointed counsel filed an amended Rule 29.15 motion, raising a single issue of ineffective assistance of counsel. See Norville v. State, 83 S.W.3d 112, 114 (Mo. Ct. App. 2002) (amended motion supersedes *pro se* motion). In particular, Hawkins' amended Rule 29.15 motion alleged that his appellate counsel's representation was deficient because counsel failed to include a speedy trial challenge in Hawkins' direct appeal. According to Hawkins, "[b]ut for [appellate] counsel's ineffectiveness, there [was] a reasonable probability an appellate court would have dismissed the case against [him], or remanded the case to the trial court to do so." (Id. at 17)

The motion court conducted an evidentiary hearing on Hawkins' amended Rule 29.15 motion. (Id. at 31) Hawkins' trial and appellate attorneys appeared and testified. (Id. at 32, 35) Hawkins was present, but did not testify. (Id. at 37) The motion court concluded that any speedy trial error was not preserved. Therefore, appellate counsel could not have been ineffective in failing to raise an unpreserved error on appeal. (Id. at 42) The motion court further concluded that Hawkins' failed to present evidence in support of his allegations of prejudice, and that the

delay in this case was not particularly great. (Id. at 42-43) Accordingly, the motion court denied Hawkins' Rule 29.15 motion. (Id. at 44)

Hawkins appealed the denial of his Rule 29.15 motion. In an order dated September 17, 2013, the Missouri Court of Appeals affirmed the motion court, in a per curiam opinion, accompanied by a detailed, unpublished supplemental order. (Resp. Exh. J)

## **STATEMENT OF ISSUES RAISED IN HAWKINS' § 2254 PETITION**

On December 12, 2013, Hawkins mailed the instant petition under 28 U.S.C. § 2254. The petition was docketed and filed in this Court on December 16, 2013. In the present petition, Hawkins raises three grounds for relief. First, Hawkins argues that the trial court erred in overruling a defense motion to suppress identification evidence from the police officers who arrested him. Hawkins again contends that no officer observed him commit the crime, and the officers lacked probable cause to arrest him. Hawkins also asserts that he was convicted on the basis of circumstantial evidence. (ECF No. 1 at 5). Second, Hawkins argues that the trial court erred in overruling a defense motion for judgment of acquittal because the State failed to prove its case against him beyond a reasonable doubt. (Id. at 6-7) Third, Hawkins alleges a claim of ineffective assistance counsel. Hawkins contends that his trial and appellate attorneys were ineffective in failing to raise a speedy trial challenge to his prosecution. (Id. at 9)

In its response, Respondent contends that Hawkins petition must be dismissed. According to Respondent, Hawkins completed and is no longer serving any sentence in connection with his property damage conviction. Therefore, Hawkins is not "in custody." As explained below, Respondent is correct.

# ANALYSIS

## I.     In Custody Requirement

A federal court's jurisdiction to consider a habeas corpus petition is not without limits. "The federal habeas statute gives … district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)). Thus, if a petitioner is no longer "in custody," a federal court lacks jurisdiction to issue the writ. See, e.g., Seiberlich v. Luebbers, 2008 WL 5110583 at *2 (E.D. Mo. Dec. 3, 2008) (citing Maleng).

    The Supreme Court has, however, interpreted the "in custody" requirement liberally. For example, a federal habeas petitioner need only be "in custody" at the time the federal petition is filed. Maleng, 490 U.S. at 490-91 (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). Furthermore, the Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." Id. at 491 (explaining that a parolee is still "in custody"). Additionally, a petitioner in custody under a series of consecutive sentences may seek federal habeas relief from any of those sentences, including sentences that have already run. See Garlotte v. Fordice, 515 U.S. 39, 40-41, 47 (1995); Peyton v. Rowe, 391 U.S. 54, 64-65 (1978). The Court has explained that, "consecutive sentences should be treated as a continuous series." Garlotte, 515 U.S. at 40 (citing Peyton, 391 U.S. at 64-65).

The Court, however, has refused to read the "in custody" requirement so broadly as to effectively read it entirely out of the statute. See Maleng, 490 U.S. at 492. Petitioners may not challenge sentences that are fully complete. In Maleng, for example, the Court explained that

7

prisoners may not use a § 2254 action to challenge a fully expired sentence because the conviction underlying that sentence could be (or in fact has been) used to enhance a later sentence. Id. at 492 (explaining that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of habeas attack on it"). See also Seiberlich, 2008 WL 5110583 at *3 (quoting same).

## II. Application to Present Petition

Even if Hawkins' present petition is liberally construed, he was not "in custody" for the challenged conviction when he filed the present § 2254 petition. First, there can be no doubt which of his many convictions and sentences Hawkins seeks to challenge in this matter. The first page of Hawkins' petition makes clear that he is challenging: (1) his conviction and sentence in City of St. Louis Cause No. 0922-CR00705; (2) for property damage; and (3) for which he was sentenced to "one (1) yr. with credit for time served." (ECF No. 1 at 1) There is no indication whatsoever that Hawkins is attempting to challenge any other conviction or sentence, or any other legal proceedings in the Missouri Court system. This conclusion is buttressed by the fact that Hawkins filed separate § 2254 habeas petitions specifically challenging his imprisonment for his two other felony convictions. (See Table I above) In other words, one cannot reasonably interpret the present § 2254 habeas petition as challenging anything other than Hawkins' property damage conviction.

Second, the record before this Court demonstrates, without question, that Hawkins' one-year sentence in the property damage case (Cause No. 0922-CR00705) was complete on May 14, 2010, the day he was sentenced. (Resp. Ex. A at 287) At the sentencing hearing, there was no dispute that, because he was a prior and persistent offender, Hawkins faced a sentencing range of

one day to seven years of imprisonment. (Id. at 291) Prior to announcing any sentence, the trial court made clear the judge knew that Hawkins had already been sentenced to twelve years of imprisonment in the other cases, which included a long-term drug treatment program. (Id.) The State argued for a sentence of seven years of imprisonment, while defense counsel requested a sentence of one year in a medium security facility. (Id. at 290-91) Defense counsel noted that any sentence within the department of corrections would render Hawkins ineligible for the long-term drug treatment program. Defense counsel further noted that Hawkins had already been confined for fifteen months awaiting resolution of the present case. (Id.) Hawkins declined to make any statement. (Id. at 291)

The trial court denied probation and sentenced Hawkins, consistent with defense counsel's request, to "one year in the Medium Security Institution in the City of St. Louis. Credit for the time already served, which he served more than one year, therefore <u>his sentence is completed</u>." (Id. at 291-92; emphasis supplied) The court then reiterated, "[a]s I said, jail time is granted. The Court is aware of Mr. Hawkins' jail time. Therefore, his sentence is completed." (Id. at 292)

There is no indication in the record that the court meant anything else when it pronounced Hawkins' sentence to be complete. There were no other restrictions on Hawkins that accompanied his sentence in the property damage case. For example, he was not ordered to serve a subsequent period of supervision or parole of any kind. Likewise, the record indicates that Hawkins' completed sentence in the property damage case was not consecutive to, or concurrent with, the twelve-year sentence that was ordered executed in the drug and burglary convictions on April 30, 2010.

9

The only connection between Hawkins' property damage conviction, for which he is no longer serving any sentence, and Hawkins' drug and burglary conviction is that the property damage conviction served as the predicate for the revocation of his probation in the drug and burglary convictions. Such a collateral connection, however, is not sufficient to place Hawkins' "in custody" on the property damage case. Rather, this connection is an example of the type of collateral consequence that Maleng and other courts have explained do not provide a basis for federal habeas review. See Maleng, 490 U.S. at 492; Seiberlich, 2008 WL 5110583 at *2-3 (explaining that "a federal court lacks jurisdiction over a habeas petitioner's challenge to his conviction for which he is no longer incarcerated, despite the use of that conviction to enhance the sentence for which the petitioner is currently serving"); see also Maxwell v. Larkins, 2010 WL 2680333 at *3 (E.D. Mo. July 1, 2010) (same).

Finally, Hawkins had "numerous opportunities to challenge the constitutionality of his conviction." Daniels v. United States, 532 U.S. 374, 381, 384 (2001) (holding that a federal prisoner cannot use § 2255 to collaterally attack facially valid prior state convictions used to enhance a current federal sentence).[3] The Supreme Court has recognized that a prisoner's "vehicles for review … are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default … operate to limit access to review on the merits of a constitutional claim." Id. (citing United States v. Olano, 507 U.S. 725, 731 (1993)). Hawkins challenged his conviction and sentence on direct appeal, a State post-conviction motion, and in an appeal from the denial of his post-conviction motion. Therefore,

---

[3] In Daniels, the Supreme Court recognized a "Gideon exception" for situations in which the allegedly tainted state conviction was the result of a failure to appoint counsel, in violation of Gideon v. Wainright, 372 U.S. 335 (1963). see Daniels, 532 U.S. at 378. The record in the present case conclusively shows that Hawkins was not denied appointed counsel at any critical phase of his proceedings.

application of the jurisdictional "in custody" requirement in this matter does not deprive Hawkins of all avenues of meaningful review.[4]

In summary, the record conclusively shows that Hawkins completed his sentence on May 14, 2010. Hawkins mailed the present § 2254 habeas petition on December 12, 2013. Therefore, Hawkins is not "in custody" for federal habeas purposes and his petition must be dismissed for lack of jurisdiction.

## CONCLUSION

This Court concludes Hawkins is not entitled to Federal Habeas relief relative to his conviction and sentence for property damage. Hawkins had already completed his sentence and was not in custody when he filed this federal habeas petition. Accordingly, Hawkins' petition must be dismissed.

An evidentiary hearing is not warranted because the existing "record already contains all the facts necessary to resolve [Hawkins'] claim[s]." Johnston v. Luebbers, 288 F.3d 1048, 1058-60 (8th Cir. 2002) (explaining that habeas petitioners are entitled to evidentiary hearings only under narrow circumstances). See also 28 U.S.C. § 2254(e)(2).

Finally, Hawkins has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). See also Miller-El v. Cockrell, 537

---

[4] Although it is not part of the record in this matter, the record in the companion case for Hawkins' felony drug conviction and sentence makes clear that Hawkins waived his right to a probation revocation hearing, with the assistance of counsel. (See Hawkins v. Prudden, Cause No. 4:13 CV 313 JMB) Thus, Hawkins passed on the opportunity to challenge the use of his property damage conviction to revoke his probation. As such, Hawkins' situation does not present the "rare case[] in which no channel of review was actually available to [him] with respect to a prior conviction, due to no fault of his own." Daniels, 532 U.S. at 383.

U.S. 322, 337 (2003). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of John Daniel Hawkins, Jr. for habeas corpus relief is **DISMISSED** because Hawkins is not in custody in connection with the conviction at issue.

**IT IS FURTHER ORDERED** that Hawkins' request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not be issued by this Court.

A separate Judgment will be issued forthwith.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of March, 2016